# Exhibit "A"

*23-000513144*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

---

NEUROSURGICAL CONSULTANTS OF SOUTH
FLORIDA, LLC

PLAINTIFF(S)

VS.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY, A FOREIGN PROFIT
CORPORATION

DEFENDANT(S)

_____/

SUMMONS

**CASE #:** **50-2023-CA-014159-XXXA-MB**
**COURT:** **CIRCUIT**
**COUNTY:** **PALM BEACH**
**DFS-SOP #:** 23-000513144

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Tuesday, October 17, 2023 and a copy was forwarded by ELECTRONIC DELIVERY on Wednesday, October 18, 2023 to the designated agent for the named entity as shown below.

    CIGNA HEALTH AND LIFE INSURANCE COMPANY
    DONNA GAUDET
    900 COTTAGE GROVE ROAD INCOMING LEGAL DEPARTMENT
    BLOOMFIELD, CT 06002

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

Jimmy Patronis
Chief Financial Officer

ROY  DE LA ESPRIELLA
PROCESS SERVER
DLE LEGAL
1750 SW 22ND STREET
SUITE 300
MIAMI, FL 33145

KS1

Filing # 183149319 E-Filed 10/03/2023 03:46:51 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

CASE NO.: 50-2023-CA-014159-XXXA-MB

    Plaintiff,

vs.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY, a foreign profit corporation,

    Defendant.

_____/

## SUMMONS:

(Complaint, Interrogatories, Request for Production, & Request for Admissions)

Serve to:    CIGNA HEALTH AND LIFE INSURANCE COMPANY
               R/A: Chief Financial Officer
               200 East Gaines Street
               Tallahassee, Florida 32399

## IMPORTANT

    A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint in this Court.  A phone call will not protect you; your written response, including the above number and named parties, must be filed if you want the Court to hear your case.  If you do not file your response on time, you may lose the case, and your wages, money, and property may hereafter be taken without further warning from the Court.  There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

    If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a carbon copy or a photocopy of your written response to the "Plaintiff's Attorney" named in this Summons.

    **If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway, West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 10/03/2023 03:46:51 PM

TO EACH SHERIFF OF THE STATE:  You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above-named Defendant(s).

**Oct 05 2023**

DATED this ____ day of _____, 2023.



Joseph Abruzzo,
Clerk of said Court

By: _____

As Deputy Clerk **JOSIE LUCCE**

### IMPORTANT: SPANISH AND FRENCH VERSIONS

<u>IMPORTANTE</u>

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a Partir del recibo de esta notificacion, para contestar la demanda adjunto, por escrito, y presentarla ante este tribunal.  Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatament.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desa responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su repuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney".  (Demandate o Abogado del Demanadante).

**Si usted es una persona minusválida que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711.**

<u>IMPORTANT</u>

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees isi, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre response ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur de Tribunal.  Il y a d'autres obligations juridiques et vous pouvez reqerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (plaignant ou a son avocat) nomme ci-dessous.

**Si ou se yon moun ki enfim ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711.**

Eric G. Canter, Esquire
Anthony R. Gonzales, Esquire
Attorneys for Plaintiff
LAW OFFICES OF ERIC G. CANTER, P.A.
3335 NW Boca Raton Boulevard
Boca Raton, Florida 33431
Telephone: 561-447-4500

Filing # 182617723 E-Filed 09/26/2023 02:08:40 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

    CASE NO.:   **50-2023-ca-014159-XXXA-MB**

   Plaintiff,

vs.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY, a foreign profit corporation,

   Defendant.

_____/

## **COMPLAINT**

  **COMES NOW** Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA,

LLC, by and through their undersigned counsel, and sues Defendant, CIGNA HEALTH AND

LIFE INSURANCE COMPANY, foreign profit corporation, (hereinafter "CIGNA") and alleges

as follows:

1. This is an action for damages in excess of $50,001.00, exclusive of interest, costs, and
   attorney's fees.

2. At all times material herein, Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH
   FLORIDA, LLC, was a Florida limited liability company and licensed medical provider
   with its principal place of business in Palm Beach County, Florida.

3. At all times material herein, Defendant, CIGNA, was either an insurance company that was
   doing business in Palm Beach County, Florida, and provided health insurance coverage for
   its subscribers, and "PATIENT" (full names not provided due to privacy concerns and
   Federal privacy laws), and/or was licensed under Chapter 641, Florida Statutes (The Health
   Maintenance Act) still doing business in Palm Beach County, Florida, for said PATIENT
   (referred to above and more fully described below).

1

4.   Venue is proper in Palm Beach County, Florida, because the cause of action asserted herein occurred and/or accrued in Palm Beach County, Florida. Venue is also appropriate in this Court because Defendant conducts substantial business in Palm Beach County, Florida.

5.   On or about December 13, 2021, the Plaintiff provided emergency medical care to PATIENT, at which time the PATIENT'S policy, bearing ID No.: U0970239902, with Defendant was in full force and effect. The Plaintiff is not in possession of the subject policy, but same is in Defendant's possession.

6.   The Plaintiff's charges for the medical treatment provided to Defendant's subscriber, PATIENT, total $175,000.00.

7.   Plaintiff's charges for the medical treatment provided to PATIENT was the Plaintiff's usual and customary charges for similar services in the community where services were provided. Furthermore, Defendant has failed to reimburse Plaintiff the usual and customary rate for services provided. Furthermore, Defendant has failed to reimburse Plaintiff the usual and customary rate for services rendered and/or has failed to pay even the Qualifying Payment Amount and/or the median of the contracted rates for the same services in the same geographical region.

8.   Pursuant to §641.513 and/or §627.64194, Florida Statutes, the Defendant was required to reimburse Plaintiff at 100% of the Plaintiff's charges for medical care rendered to PATIENT 1.

9.   The Defendant only paid $399.00 of the Plaintiff's charges for medical care rendered to PATIENT 1 on December 13, 2021.

10.   The Defendant has a balance due of $174,601.00 for Patient.

11.   The Defendant violated §641.513 and/or §627.64194, Florida Statutes, by failing to pay Plaintiff's charges in full for all of the Patients set forth above.

2

12.     Defendant, CIGNA. owes the Plaintiff the sum of $174,601.00, pursuant to §641.513 and/or §627.64194, Florida Statutes, exclusive of interest, court costs, and attorney's fees.

13.     Plaintiff has been forced to retain the service of the undersigned counsel as a result of Defendant's failure or refusal to pay the amounts dues when demanded and has incurred and will incur attorney's fees and costs in this matter.

14.     Plaintiff is entitled to attorney's fees from Defendant, pursuant to either Florida Statute §641.28 and/or Florida Statute §627.428, depending upon whether Defendant is either a health maintenance organization or simple insurance carrier, pursuant to the law.  (Plaintiff is uncertain as to Defendant's legal status with regards to each PATIENT.)  Plaintiff has received an executed Assignment of Benefits from the PATIENT.  (See Exhibit "A" attached hereto, to the extent the Assignment of Benefits is in Plaintiff's possession.)

15.     Plaintiff has complied with all conditions precedent before instituting this action.

16.     Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, hereby demands judgement against Defendant, CIGNA HEALTH AND LIFE INSURNCE COMPANY, in the sum of $174,601.00, together with statutory interest from the due date, and award of costs and attorney's fees, and any such other and further relief as the Court deems proper.

LAW OFFICES OF ERIC G. CANTER, P.A.
*Attorneys for Plaintiff*
3335 Northwest Boca Raton Boulevard
Boca Raton, Florida 33431
Primary: Eric@ECanterLaw.com
Secondary: Tony@ECanterLaw.com
Telephone: 561-447-4500/Facsimile: 561-447-4150
By:   /s/Anthony R. Gonzales
      ERIC G. CANTER
      Florida Bar No.: 0118036
      ANTHONY R. GONZALES
      *Trial Counsel & of Counsel*
      Florida Bar No.: 0373280

3

# Exhibit A

# BRAIN AND SPINE CENTER
## South Florida

- **4675 Linton Boulevard Suite 102 Delray Beach, FL 33445**
- **1411 N Flagler Drive Suite 7600 West Palm Beach, FL 33401**
- Phone: 561.501.7445     Fax: 561.562.5061
- Website: www.brainandspinemds.com

| | | |
|---|---|---|
| Evan Packer, MD, FAANS, FACS | Lloyd Zucker, MD, FAANS | Ronald Young, MD, FAANS |
| Martin Greenberg, MD, PhD | Timothy G. Burke, MD, FAANS | Lawrence C. Meiner, PA-C |

### PATIENT FINANCIAL RESPONSIBILTY AGREEMENT

You agree to be responsible for and pay in full all charges by Neurosurgical Consultants of South Florida, L.L.C.'s ("NCSF") for treatment/supplies provided to you. Payment is due upon receipt of our statement for services rendered. NCSF will bill your insurance company (Auto, W/C or health plan) for the medical services/supplies provided. We rely upon the information you provide from your current insurance card or other evidence of valid coverage. If your coverage changes in any way or terminates, please notify NCSF immediately. Unpaid balance on your account will begin to incur an interest charge 45 days after the date of the invoice and will accrue at a rate of 1-1/2% per month.

If your health plan is a HMO, you are only responsible under Florida law for payment of deductibles, co-payments and charges for non-covered services as specified in your plan. You may be required to contact your primary doctor to obtain a prior authorization for medical services. If you do not comply with your health plan's policies and procedures, payment for the services we render could become your responsibility. If you are unsure of your obligations, you can contact your insurance company. We may be able to clarify your obligations as well.

NCSF's efforts to bill and collect on your behalf from your health plan and NCSF's acceptance of payment from your health plan will not relieve you of your obligation to make payment to NCSF in full. The amount your health plan pays NCSF may be less than the full charges or the amount you owe to NCSF. NCSF will credit all payments received from your health plan to your account and will bill you for the balance, unless otherwise provided under Florida law or if NCSF contracts with your health plan to accept the amount paid by them as payment in full. Deductibles and co-payments required by your health plan are expected to be paid and by law this _cannot be waived._  If unpaid balances require NCSF to engage an attorney to assist in collection, you will be responsible for all fees and costs NCSF incurs in connection with its collection efforts which is in addition to the charges and interest accrued on your account.

Advance Payment
If you are required to make an advance payment (Copay/deductible) to NCSF we will collect prior to the provision of any medical services.

Assignment of Insurance Benefits
You authorize payment to be made directly to NCSF and assign to NCSF all Medicare and other insurance benefits that may be due and payable to you directly. I voluntarily assign the rights and benefits of my automobile insurance aka Personal Injury Protection (PIP) and Medical Payments policy of insurance to the above health care provider. I understand that it is the intention of the provider to accept this assignment of benefits in lieu of demanding payment at the time services are rendered. I understand this document will allow the provider to pursue legal action against an insurer for the recovery of any unpaid insurance benefits. You hereby authorize NCSF and any other holder of medical or other information about you, including any Medigap insurer, to release to the Social Security Administration, the Centers for Medicare and Medicaid Services, and their agents, intermediaries and carriers, any information needed to determine the benefits or benefits payable to you for any claim with respect to NCSF's provision of health care services/supplies. Where Medicare and Medicaid benefits are applicable, you certify that the information given in applying for payment under Title XVIII or XIX of the Social Security Act's is complete and correct. You authorize NCSF to use this Agreement as evidence of your consent to bill and receive payment for health care services/supplies provided to you by NCSF. You further acknowledge that this assignment of benefits does not in any way relieve you of your liability to make payment to NCSF, and that you will remain financially responsible to NCSF until all charges for which you are legally responsible are paid in full. In the event the insurance carrier mistakenly sends payment for the claim directly to me, I agree that I will remit payment in its entirety to NCSF.

Authorization for Appointment of Designated Appeal Representative of Designated Appeal Representative.

I ▨▨▨▨▨▨                         , authorize Neurosurgical Consultants of S. FL, LLC to act as my representative in connection with the filing of an appeal on my behalf regarding a denial for the above referenced date(s) of service. I authorize my insurance carrier to release any of my protected health information including benefits and policy information to Neurosurgical Consultants of S. FL, LLC for the purpose of resolving this appeal. I understand that this information is privileged and confidential and will only be released as specified in this authorization or as required or permitted by law.

I understand that I may revoke this authorization at any time by mailing a written notice to my insurance company. I understand that revoking this authorization will not affect any action taken prior to my notice of revocation. My designated appeals representative also has the right to rescind consent at any time. I have read this consent or have had it read to me and it has been explained to my satisfaction. I understand that I am granting my consent for my representative to file an appeal on my behalf.

Medical malpractice insurance is at the physician's discretion.

☒ I have read and understand each of the above paragraphs and I acknowledge and accept these terms and conditions.

▨▨▨▨            Date: 11/15/2021     _____
Signature of Patient or Guardian/Representative                    Witness of Neurosurgical Consultants of S. FL, LLC

Filing # 182617723 E-Filed 09/26/2023 02:08:40 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

CASE NO.: **50-2023-CA-014159-XXXA-MB**

     Plaintiff,

vs.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY, a foreign profit corporation,

     Defendant.

_____/

## **PLAINTIFF'S NOTICE OF FILING INTERROGATORIES TO DEFENDANT**

COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, by and through their undersigned counsel, and hereby propounds onto Defendant, CIGNA HEALTH AND LIFE INSURANCE COMPANY, foreign profit corporation, the attached Interrogatories numbered 1 through 10, to be answered under oath within thirty (30) days from the date of service in accordance with the applicable Rules of Civil Procedure.

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished with the Summons and Complaint to: CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Foreign Profit Corporation, c/o R/A Chief Financial Officer, 200 East Gaines Street, Tallahassee, Florida 32399.

LAW OFFICES OF ERIC G. CANTER, P.A.
*Attorneys for Plaintiff*
3335 Northwest Boca Raton Boulevard
Boca Raton, Florida 33431
Primary: Eric@ECanterLaw.com
Secondary: Tony@ECanterLaw.com
Telephone:561-447-4500/Facsimile: 561-447-4150

By:   /s/Anthony R. Gonzales
     ERIC G. CANTER
     Florida Bar No.: 0118036
     ANTHONY R. GONZALES
     *Trial Counsel & of Counsel*
     Florida Bar No.: 0373280

**PLAINTIFF, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC'S,
INTERROGATORIES TO DEFENDANT, CIGNA HEALTH AND LIFE INSURANCE
COMPANY, a foreign profit corporation**

1. State your full name, any other names by which you have been known, your age, present address, and your current position and/or title with the Defendant (provided you are an employee of the Defendant) as well as your job responsibilities which would tend to demonstrate the basis of your knowledge of the Interrogatory Answers provided?

2. Please describe the methodology by which the Plaintiff's medical bills were paid by the Defendant and the reason for same.

3. Please provide the basis for Defendant's claim that the paid amount of Plaintiff's charges are usual and customary for similar services in the community, where the services were provided and/or that the amount paid is the median of the contracted rates charged by Defendant for the same services in the geographical region.

4.      What is the median of the contracted rates charged by Defendant for the same services in the geographical region.

5.      Please provide the date of treatment, amount of total billing for said treatment, amount for reduced billing for said treatment and amount ultimately paid to any provider for the same procedure and/or procedures as those at issue in this case within a five (5) year period prior to the date of the treatment and further limited to the community where the services were provided.

6.      When determining usual and customary values for similar treatment as that at issue in this case, please describe the geographical area utilized by Defendant.

7.     Please provide the name of any billing, coding, and/or other computer data, algorithms and/or software utilized by Defendant in determining the usual and customary value for similar services as the treatment at issue in this case for the same community where the medical treatment was provided.

8.     Please provide the names of any all of Defendant's employees responsible for reducing the actual bills at issue in this case and also any employees who had direct communications with the Plaintiff and/or hospital/facility regarding the treatment and/or medical bills at issue.

9.     Please provide the name of any medical provider, as well as the date of treatment for services rendered for any provider to whom payment was made in full for the same or similar services as those provided in the instant litigation within a five (5) year prior to the date of treatment in this case within the same community wherein the treatment was rendered.

10.    Why does the Defendant believe it has the right or ability to reduce the Plaintiff's charges for the medical treatment at issue in this case in the absence of any contract with the Plaintiff for services rendered to the patient?

11.    If the Defendant has the ability to pay charges for "out-of-network providers", why is it necessary for the Defendant to have contracts which set the rates for charges for "in-network providers"?

_____
NAME

STATE OF FLORIDA
COUNTY OF _____

The foregoing Answers to Interrogatories were sworn to under penalty of perjury before me this _____

day of _____, 2023, by _____, who is personally known to me/or who has

produced_____as identification.

_____
Signature of Notary Public


_____
Name of Notary Typed, Printed or Stamped


_____
Commission Number

Filing # 182617723 E-Filed 09/26/2023 02:08:40 PM

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

CASE NO.:   **50-2023-CA-014159-XXXA-MB**

      Plaintiff,

vs.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY, a foreign profit corporation,

      Defendant.

_____/

## <u>PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT</u>

COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, by and through their undersigned counsel, and pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests the Defendant, CIGNA HEALTH AND LIFE INSURANCE COMPANY, a foreign profit corporation, (hereinafter "CIGNA") to produce the following documents to the undersigned attorneys, at this office, within thirty (30) days from this date for examination, inspection and copying and as grounds therefor states that the materials are in the custody or control of the Defendant and are relevant and material to the issues in this case and/or are likely to lead to the discovery of admissible evidence, and cannot be obtained by Plaintiff without hardship:

1.     All statutes, ordinances, standards or regulations that Defendant maintains provide Defendant a defense to the claims set forth in the instant lawsuit.

2.     Any and all reports, statements, written opinions and affidavits prepared by experts retained by Defendant, whose testimony is intent to be used at trial.

3.     All statements, not work product, taken by or on behalf of the Defendant by their respective agents, servants, employees and investigators regarding any of the facts and issues in this action.

4.     Copies of all Releases, settlement documents and "Mary Carter Agreements" entered into by the

Defendant with any persons or parties, whether or not named in this suit.

5. All doctor, hospital, therapy, nursing and other medical bills incurred as a result of the procedure at issue in this case.

6. A copy of the insurance policy applicable to the procedure, patient and payments at issue in this case.

7. Any and all documentation in Defendant's possession which would show the reason the total charges for treatment provided to the patient were reduced and the methodology used to obtain same.

8. Any and all documentation the Defendant maintains and/or claims demonstrate the usual and customary charges for similar services in the community where the services at issue were provided.

9. Any and all bills, invoices and/or ledgers which demonstrate payment (total charges as well as reduced charges) provided to other patients for the same procedure at issue in the instant case, paid within a five (5) year period prior to the date of the instant procedure and also only for procedures performed in the community where the services at issue were provided.

10. Any and all documentation in Defendant's possession wherein Plaintiff agreed to a reduction for services and/or medical care rendered to the patient/subscriber.

11. Any authority upon which Defendant relies which Defendant maintains allows it under the law to reduce charges by healthcare providers like the Plaintiff for similar services in the community where the services at issue were provided.

12. Any and all correspondence (including e-mails and/or other documentation) shared between Defendant and Plaintiff regarding the treatment rendered in this case and/or bills generated in relation to such treatment.

13. Any and all documentation, correspondence (including any contractual documents) which

2

Defendant relies upon and/or that Defendant claims demonstrate a right for the Defendant to reduce the bills at issue. (This Request for Production encompasses any documentation and/or contracts entered into between the Defendant and the hospital and/or emergency facility wherein the subject treatment was provided to the patient/subscriber.)

14. Any and all documentation in Defendant's possession which Defendant maintains provides it the authority and/or right to reduce the bills of "out-of-network providers".

15. Defendant's policy and procedural guidelines which demonstrate the effective policy at the time of the treatment issued in this case regarding payment of "out-of-network providers" like the Plaintiff for the same or similar treatment at issue in this case for the community where the services at issue were provided.

16. Any and all documentation and/or correspondence which demonstrates what the Defendant has paid to "in-network providers" for the same treatment at issue in this case within a five (5) year period prior to the date of the treatment in the same geographic area as the location of the treatment rendered.

17. All documents referring to payment to medical providers for the CPT codes at issue in this dispute.

18. All documents relating to any payment agreement with the Plaintiff.

19. All documents relating to any agreement between you and any third-party administrator, self-funded plan, government entity, medical provider, or any other entity, as to the amount to be paid, amount paid, or amount billed for the medical codes at issue in this dispute.

20. All documents reflecting amounts paid, amount to be paid or amount billed for similar medical services and case to those at issue in the Complaint, including fee schedule, billing summaries, balance-billing summaries, collection summaries, accounts receivable, or ledgers.

21. All documents related to any complaint, appeal, disagreement, or dispute with any medical provide, related to this patient/subscriber.

22. All documents related to the community, market, or other schedule for the medical services and care at issue in the Complaint.

23. All documents used to calculate the claim(s), including all documents use to determine the rate of payment for the claim(s).

24. All documents related to determining the amount paid or reimbursed for medical services and care for each of the claims identified in the Complaint.

25. Documents sufficient to identify any current employees, former employees, consultants, contractors, vendors, firms, companies, or other non-employee for Defendant that have assisted in the payment and/or reimbursement, on Defendant's behalf, of the medical claim(s) at issue in the Complaint.

26. Documents sufficient to identify any current employees, former employees, consultants, contractors, vendors, firms, companies, or other non-employee for Defendant that have assisted in the development, on Defendant's behalf, of the amounts to pay for medical services and care by contracted and non-contracted medical providers for the CPT codes at issue in this dispute.

27. The policies, procedures, or systems for preparing, submitting, billing, and/or appealing, the medical claim(s) at issue in the Complaint.

28. All documents related to communications between you and the CIGNA patient/subscriber, related to the payment of medical services and care of the claims at issue in the Complaint.

29. All documents reflecting any payments by CIGNA, including but not limited to all Explanation of Benefit forms, Explanation of Reimbursement forms, or Explanation of Payment forms concerning the claims identified in the Complaint.

30. All authorizations or communications from CIGNA to Plaintiff regarding the services rendered as billed in each of the claims identified in the Complaint.

31. All contracts of letter of agreement entered into between you and other medical providers for the CPT codes at issue in this dispute with respect to the services rendered to CIGNA members.

32. All documents that relate to the methodology you employed to establish the payment rate for the medical services and care at issue in the Complaint.

33. All documents which relate to any communication by and between you and Plaintiff which refer or relate to authorization for the claims identified in the Complaint.

34. The membership enrollment file for the CIGNA patient/subscriber.

35. Any records or data collected in the last three (3) years, by Defendant from in-network or out of network healthcare providers showing the net and/or gross income of any in-network and or out of network doctors wherein such income was used by Defendant for the purpose of determining a reasonable and/or usual and customary rate of reimbursement provided for care and treatment of patients for similar services rendered (same or similar CPT codes) prior to providing such reimbursement for providers located in the same geographical area as the Plaintiff herein.

36. Any records or data collected in the last three (3) years, by Defendant from in-network or out of network healthcare groups showing the net and/or gross income of any in-network and or out of network groups wherein such income was used by Defendant for the purpose of determining a reasonable and/or usual and customary rate of reimbursement provided for care and treatment of patients for similar services rendered (same or similar CPT codes) prior to providing such reimbursement for providers located in the same geographical area as the Plaintiff herein.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished

with the Summons and Complaint to: CIGNA HEALTH AND LIFE INSURANCE COMPANY, a

Foreign Profit Corporation, c/o R/A Chief Financial Officer, 200 East Gaines Street, Tallahassee,

Florida 32399.

                    LAW OFFICES OF ERIC G. CANTER, P.A.
                    *Attorneys for Plaintiff*
                    3335 Northwest Boca Raton Boulevard
                    Boca Raton, Florida 33431
                    Primary: Eric@ECanterLaw.com
                    Secondary: Tony@ECanterLaw.com
                    Telephone: 561-447-4500/Facsimile: 561-447-4150

                    By:    /s/Anthony R. Gonzales
                            ERIC G. CANTER
                            Florida Bar No.: 0118036
                            ANTHONY R. GONZALES
                            *Trial Counsel & of Counsel*
                            Florida Bar No.: 0373280

Filing # 182617723 E-Filed 09/26/2023 02:08:40 PM

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

NEUROSURGICAL CONSULTANTS
OF SOUTH FLORIDA, LLC,

CASE NO.:  **50-2023-CA-014159-XXXA-MB**

      Plaintiff,

vs.

CIGNA HEALTH AND LIFE INSURANCE
COMPANY, a foreign profit corporation,

      Defendant.

_____/

## **PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT**

COMES NOW Plaintiff, NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA, LLC, by and through their undersigned counsel and pursuant to Florida Rule of Civil Procedure 1.370, and hereby requests, Defendant, CIGNA HEALTH AND LIFE INSURANCE COMPANY, a foreign profit corporation, to admit or deny the following:

1. The services provided to the patient/subscriber in this case were emergency services as defined by Florida Statute § 641.47.

2. The patient/subscriber was insured by Defendant at the time subject emergency services were provided.

3. Plaintiff properly submitted its bill for payment to Defendant following services to patient/subscriber.

4. Plaintiff is not a contracted provider on any network with Defendant.

5. Defendant did not pay Plaintiff their charges in full.

6. Plaintiff's charges for the medical treatment provided to the patient were usual and customary charges for similar services in the community where the services were provided.

7. Defendant did not pay Plaintiff the usual and customary charges for similar services in the community where the services were provided.

8. Defendant did not pay the median of the contracted rates for the services at issue in the same geographical region.

9.    Defendant did not pay Plaintiff a mutually agreed to amount within sixty (60) days of the Plaintiff submitting their bill for payment.

10.   Defendant violated Florida Statute § 641.513 by failing to pay Plaintiff's charges in full.

11.   Defendant violated Florida Statute § 640.513 by failing to pay Plaintiff the usual and customary charges for similar services in the community where were provided.

12.   The Qualifying Payment Amount is equal or more that the amount charged by Plaintiff for the services at issue.

13.   Defendant violated Florida Statute § 641.513 by failing to pay Plaintiff a mutually agreed to amounts within sixty (60) days of the Plaintiff submitting their bill for payment.

14.   Defendant violated Florida Statute § 627.64194 by failing to pay Plaintiff's charges in full.

15.   Defendant violated Florida Statute § 627.64194 by failing to pay Plaintiff the usual and customary charges for similar services in the community where the services were provided.

16.   Defendant violated Florida Statute § 627.64194 by failing to pay Plaintiff a mutually agreed to amount within sixty (60) days of the Plaintiff submitting their bill for payment.

17.   Were Plaintiff to succeed in this action, Plaintiff would be entitled to recover reasonable attorney's fees and court costs pursuant to Florida Statute § 641.28.

18.   Defendant has paid the same or more for the same medical treatment as that at issue in this case for other patients in the community where the services were provided within the last five (5) years.

19.   It is Defendant's policy that patients with emergency medical needs wait for an in-network provider to be located before Defendant will pay reasonable and customary charges for medical services like the services at issue in this case.

20.   Defendant has paid other out-of-network providers the full amount of their medical bills for the same treatment as that at issue in this case in the same geographical area.

21.   The fact that the Defendant has a contract with various medical providers ("in- network providers") does not automatically give it a right to reduce the bills of "out-of-network providers" like the Plaintiff.

22.   Doctors and medical facilities are free to charge what they believe are reasonable and customary charges for medical services provided to the patient.

23.   When Defendant provides insurance coverage to a patient, the Defendant bears the risk of having to pay for such treatment for "out-of-network providers" like the Plaintiff in an

emergency setting as defined by Florida law.

24.     In determining usual and customary rates for in-network healthcare providers. Defendant does not inquire of them as to the gross or net income earned by any in-network doctors prior to determining a usual and customary rate of reimbursement and issuing payment.

25.     In determining usual and customary rate for out of network healthcare providers, Defendant does not inquire of them as to the gross or net income earned by any out of network doctors prior to determining a usual and customary rate of reimbursement and issuing payment.

<u>**CERTIFICATE OF SERVICE**</u>

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished with the Summons and Complaint to: CIGNA HEALTH AND LIFE INSURANCE COMPANY, a Foreign Profit Corporation, c/o R/A Chief Financial Officer, 200 East Gaines Street, Tallahassee, Florida 32399.

LAW OFFICES OF ERIC G. CANTER, P.A.
*Attorneys for Plaintiff*
3335 Northwest Boca Raton Boulevard
Boca Raton, Florida 33431
Primary: Eric@ECanterLaw.com
Secondary: Tony@ECanterLaw.com
Telephone: 561-447-4500/Facsimile: 561-447-4150

By:    /s/Anthony R. Gonzales
       ERIC G. CANTER
       Florida Bar No.: 0118036
       ANTHONY R. GONZALES
       *Trial Counsel & of Counsel*
       Florida Bar No.: 0373280

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.      CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>FIFTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>PALM BEACH</u>   COUNTY, FLORIDA

<u>Neurosurgical Consultants of South Florida</u>
Plaintiff                                                    Case # _____

                                                             Judge _____

vs.

<u>Cigna Health and Life Insurance Company</u>
Defendant

### II.      AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.      TYPE OF CASE       (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

NOT A CERTIFIED COPY

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 09/26/2023 02:08:40 PM

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☒ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☒ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.      REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.      NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>1</u>

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.   IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Eric G Canter</u>          Fla. Bar # <u>118036</u>
       Attorney or party              (Bar # if attorney)

<u>Eric G Canter</u>           <u>09/26/2023</u>
 (type or print name)          Date

- 3 -



**JOSEPH ABRUZZO**

# RECEIPT
5059296

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

Printed On:
09/29/2023 11:11
Page 1 of 1

| Receipt Number: 5059296 - Date 09/29/2023  Time 11:11AM | | | | |
|---|---|---|---|---|
| **Received of:** | Law Offices of Eric G. Canter, P.A.<br>3335 NW Boca Raton Boulevard<br>Boca Raton, FL 33431 | | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | | 411.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | | 411.00 |
| **Receipt ID:** | 11449310 | **Remaining Balance:** | | 0.00 |
| **Division:** | AE: Circuit Civil Central - AE(Civil) | | | |

| Case# 50-2023-CA-014159-XXXA-MB -- PLAINTIFF/PETITIONER: NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA | | | |
|---|---|---|---|
| **Item** | **Balance** | **Paid** | **Bal Remaining** |
| Fees | 411.00 | 411.00 | 0.00 |
| **Case Total** | **411.00** | **411.00** | **0.00** |

| Payments | | |
|---|---|---|
| **Type** | **Ref#** | **Amount** |
| EFiling_CREDITCARD | █████ | 411.00 |
| **Total Received** | | **411.00** |
| **Total Paid** | | **411.00** |

**How was your service today?**  Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION: "AE"
CASE NO.: 502023CA014159XXXAMB

NEUROSURGICAL CONSULTANTS OF SOUTH FLORIDA,
     Plaintiff/Petitioner

vs.

CIGNA HEALTH AND LIFE INSURANCE COMPANY,
     Defendant/Respondent.

_____/

**ORDER IMPLEMENTING DIFFERENTIATED CASE MANAGEMENT PLAN,
DESIGNATING CASE TO THE GENERAL TRACK,
ORDER SETTING CALENDAR CALL AND CASE MANAGEMENT CONFERENCE
AND DIRECTING PRETRIAL AND MEDIATION PROCEDURES
(DCMGJT)**

     **THIS MATTER** is a Circuit Civil case calling for a jury trial. Accordingly, it is

     **ORDERED AND ADJUDGED** that pursuant to Administrative Order 3.110 (as amended), this case is designated to the **GENERAL TRACK**. The deadlines established by this Order are to ensure the case is **disposed of within 18 months from the date of filing.** To that end, the following procedures and deadlines shall be strictly observed:

I.  **SERVICE OF THIS ORDER, ACTIVE CASE MANAGEMENT AND NON-COMPLIANCE**

     **Plaintiff/Petitioner is directed to serve this Order** upon each Defendant/Respondent with the Initial Complaint/Petition and Summons. The deadlines and procedures set forth herein are firm and may be modified only upon a showing of a good faith attempt to comply with the deadlines or demonstration of a significant change of circumstances and through the process established in the 15th Circuit's Administrative Order 3.110 (as amended).

     The parties are expected to actively manage the case and to confer early and often to ensure compliance with this order and timely resolution of the case. The parties and counsel are expected to govern themselves at all times with a spirit of cooperation, professionalism, and civility. They are expected to accommodate each other whenever reasonably possible and eliminate disputes by reasonable agreements.

     **Self-Represented/Pro se litigants** (i.e. those without counsel) are held to the same obligations imposed upon counsel.

     **Motions to extend deadlines** must be filed *prior* to the deadline. Untimely motions will be denied absent compelling circumstances and showing of good cause.

     **NONCOMPLIANCE WITH THIS ORDER, ABSENT A SHOWING OF GOOD CAUSE, MAY RESULT IN DISMISSAL OF THE ACTION, THE STRIKING OF PLEADINGS, WITNESSES, OR EXHIBITS, REMOVAL OF THE CASE FROM THE DOCKET, DEFAULT OR ANY OTHER APPROPRIATE**

Case No. 50-2023-CA-014159-XXXA-MB

**SANCTION.**

The failure to act in good faith and comply with this order must be reported, if not resolved through a conference of the parties and good faith conferral, by filing a **"Suggestion of Non-Compliance with Pre-Trial Order"** that must be set for hearing in a timely manner. The Suggestion must name the non-compliant person, describe the act of non-compliance, be served upon all parties and sent to the Court's chambers. Responses may only be submitted upon request of the Court. Failure to correct any non-compliance before the hearing may result in sanctions as described above. The parties will notify the Court immediately if non-compliance is cured; if cured more than 7 days before the hearing, the hearing may be cancelled.

II. **SCHEDULING, CONTINUANCES AND PRETRIAL DEADLINES**

**A CASE MANAGEMENT CONFERENCE and CALENDAR CALL will be held on February 28, 2025**. The parties must be ready to try the case by that day. The specific time of Case Management Conference and procedures for conducting Calendar Call can be found on the Division's webpages at www.15thcircuit.com. The Calendar Call may be conducted in-person or by e-calendar.

The trial period begins the first business day of the immediately following week after the above-listed Case Management Conference and Calendar Call, unless otherwise described in the divisional instructions or by court order.

**TRIAL CONTINUANCES:** If a case cannot be ready for trial by the Calendar Call despite all good faith efforts, a motion to continue trial must be set for a Differentiated Case Management (DCM) Conference as described in the 15th Circuit's Administrative Order 3.110 (as amended) and the next paragraph. Any motion to continue the trial must comply with Fla. R. Civ. P. Rule 1.460, including that they are signed by the client. The Motion must be filed and the DCM Conference set no more than **30 DAYS** from the last defendant being served or as soon as circumstances giving rise to the need for a continuance becomes known and only for good cause. Every motion for a continuance must include a proposed Amended DCMO resetting each pretrial deadline that remains applicable and indicating the month the case can be ready for trial.

**DCM CONFERENCES:** DCM conferences are scheduled through the Circuit's Online Scheduling System under DCM- Case Management Conference Scheduling. No less than ten (10) days in advance of the DCM Conference the parties must file with the Clerk a Joint Status Report that:

1. Concisely updates the Court on the status of the case,
2. Identifies pending motions and other matters the Court needs to address, and
3. If applicable, provides a proposed revised pretrial schedule.

The parties must upload the Joint Status report at least 7 days in advance of a DCM Conference through the e-courtesy feature of the Circuit's Online Scheduling System. The parties are to be prepared at the DCM Conference to address the topics listed in Rule 1.200(a) and for the court, at its discretion, to hear or set for hearing any pending motions.

**The following deadlines (discussed in detail below) apply unless otherwise modified by the Court:**

Case No. 50-2023-CA-014159-XXXA-MB

| | EVENTS | DESCRIPTION | COMPLETION DEADLINE |
|---|---|---|---|
| 1. | Service of Complaint | See Part III.A, infra | January 24, 2024 Service under extension is only by court order. |
| 2. | Pleading Amendments/ Adding parties | See Part III.B, infra | March 24, 2024 |
| 3. | Resolution of all motions/objections directed to the pleadings *(i.e. to dismiss or strike)* and pleadings closed * | See Part III.B, infra | June 2, 2024 |
| 4. | Expert Witnesses and Compulsory Examinations | See Part III.D, infra | October 31, 2024 |
| 5. | Witness & Exhibit Lists | See Part III.C, infra | October 31, 2024 |
| 6. | Rebuttal Witness Lists | See Part III.E, infra | November 20, 2024 |
| 7. | Filing Summary Judgment & *Daubert* Motions | See Part III.J, infra | November 30, 2024 |
| 8. | Discovery Cut-Off | See Part III.H, infra | November 30, 2024 |
| 9. | Pre-Trial Meet & Confer | See Part III.I, infra | January 29, 2025 |
| 10. | Deposition Designations | See Part III.G, infra | February 8, 2025 |
| 11. | Deadline for Mediation | See Part IV, infra | February 18, 2025 |
| 12. | Deadline to hear ALL Motions | See Part III.J, infra | February 23, 2025 |
| 13. | Jury Instructions and Verdict Form | See Part III.O, infra | February 25, 2025 |
| 14. | Trial Ready Date ** | See Part II, supra | February 28, 2025 |

**Fla. R. Gen. Prac. & Jud. Admin. Rule 2.514 governs if any deadlines falls on a weekend or holiday.**

\* The parties must expeditiously address any motions directed to the pleadings. Defensive motions under Rule 1.140 of the Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue shall be set for hearing within **five (5) days** of filing. The motion should be scheduled for hearing at the earliest date that the Court and parties are available.

\*\* The Court reserves the authority to expedite the trial setting and amend the pretrial deadlines accordingly.

III. <u>**UNIFORM PRETRIAL PROCEDURES**</u>

    A. <u>**Timely Service and Defaults:**</u>

        Parties must make reasonable efforts to ensure speedy service. Each return of service must be separately filed for each defendant. If service is not completed within 90 days, an Order will be issued directing service by the **120 DAY DEADLINE**. Failure to comply will result in dismissal of the case or party for lack of service. Any motions to extend the deadline for service must specify why

Case No. 50-2023-CA-014159-XXXA-MB

service could not have been effectuated, what is being done to effectuate service and request only that amount of additional time necessary.

If all defendants become defaulted, a Motion for Default Final Judgment along with supporting documentation must be filed within **30 days** of the last default and set for hearing at the next available hearing time.

B. **Amendment of Pleadings, Motions Directed at Pleadings and Notice for Trial:**

Any Motions to Amend Pleadings to add parties, must be filed no later than the first business day **180 DAYS AFTER THE CASE IS FILED**.

The parties must expeditiously address any other motions directed to the pleadings. Defensive motions under Rule 1.140, Fla. R. Civ. P., motions to extend time to file a defensive motion or pleading, and any other motion preventing the matter from being at issue must be set for hearing within **5 days** of filing to be heard at the earliest date that the Court and parties are available.

If the pleadings are not closed and the case not at issue **250 DAYS AFTER FILING**, the parties must appear for a DCM Conference to be noticed and held in accordance within the 15th Circuit's Administrative Order 3.110 and Divisional Instructions located on the Circuit's website for the Division to which the case is assigned.

C. **Exhibits and Witnesses**. On the last business day no later than **120 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of all trial exhibits, names and addresses of all trial witnesses.

D. **Expert Witnesses and Compulsory Medical Examinations.** If Expert Witnesses or Compulsory Medical Examinations are anticipated, the Parties must confer and establish a schedule for completing related discovery, including deadlines for disclosures, written discovery, depositions and motions directed at Experts or Compulsory Medical Examiners that will result in the completion of Expert/CME Discovery and resolution of Motions directed at them at least **120 DAYS BEFORE TRIAL**.

If agreed, the parties must submit a proposed Expert/CME Scheduling Order for entry by the Court. If not, the parties must appear for a DCM Case Management Conference.

**Expert Disclosures:** In addition to names and addresses of each expert retained to formulate an expert opinion with regard to this cause, both on the initial listing and on rebuttal, the parties must provide:

1. The subject matter about which the expert will testify;
2. The substance of facts and opinions to which the expert will testify;
3. A summary of the grounds for each opinion;
4. A copy of any written reports issued by the expert; and
5. A copy of the expert's curriculum vitae.

**One Expert Per Specialty:** The parties will be limited to one expert witness per specialty unless they obtain leave of Court to list and call more than one expert witness per specialty, no later than 60 days prior to calendar call.

E. **Rebuttal Witnesses and Exhibits.** On the last business day no later than **100 DAYS PRIOR TO CALENDAR CALL**, the parties must exchange lists of names and addresses of all rebuttal witnesses and list of any rebuttal exhibits.

F. **Additional Exhibits, Witnesses Or Objections.** At trial, the parties will be strictly limited to exhibits and witnesses disclosed and objections reserved on the schedules attached to the Pre-Trial Stipulation prepared in accordance with paragraphs D and E, absent agreement specifically stated in the Pre-Trial Stipulation or order of the Court upon good cause shown. Failure to reserve objections constitutes a waiver. A party desiring to use an exhibit or witness discovered after counsel have conferred pursuant to paragraph D must immediately furnish the Court and other counsel with a description of the exhibit or with the witness' name and address and the expected subject matter of the witness' testimony, together with the reason for the late discovery of the exhibit or witness. Use of the exhibit or witness may be allowed by the Court for good cause shown or to prevent manifest injustice.

G. **Deposition Designations.** No later than **20 DAYS PRIOR TO CALENDAR CALL**, each party must serve designation of depositions, or portions of depositions, each intends to offer as testimony. No later than **10 DAYS PRIOR TO CALENDAR CALL**, each opposing party is to serve any counter (or "fairness") designations to portions of depositions designated, together with objections to the depositions, or portions thereof, originally designated. No later than **5 DAYS BEFORE** calendar call, each party must serve any objections to counter designations served by an opposing party.

H. **Discovery Cutoff.** Unless otherwise agreed in the Pre-Trial Stipulation, all discovery must be completed no later than **90 DAYS PRIOR TO CALENDAR CALL** absent agreement for later discovery specifically stated in the Pre-Trial Stipulation or for other good cause shown. Absent unforeseeable, exigent circumstances, the failure to complete discovery is not grounds for a continuance.

I. **Pre-Trial Meet and Confer.** On the last business day no later than **30 DAYS PRIOR TO CALENDAR CALL**, the parties must confer and:

1. Discuss settlement;
2. Simplify the issues and stipulate, in writing, as to as many facts and issues as possible;
3. Prepare a Pre-Trial Stipulation in accordance with paragraph E; and
4. List all objections to trial exhibits.

J. **Motions:** The Parties must plan for, file and timely set hearings for any motions they expect the Court to address in advance of trial. **No motions will be heard the day of trial**. Few are appropriate after Calendar Call. The parties must confer early in the case and coordinate briefing and discovery schedules, as necessary, to ensure motions are timely heard.

While motion practice is critical to the advancement and streamlining of a case, the Parties are reminded they **DO NOT have an absolute right to most motions being heard**. Failure to timely file and set motions for hearing in advance of Calendar Call will likely result the Court denying a request for hearing. Failure to file and have a motion heard is not grounds for a trial continuance.

Case No. 50-2023-CA-014159-XXXA-MB

**Summary Judgment and *Daubert* Motions** must be filed at least **90 DAYS prior to Calendar Call**. The parties shall confer regarding summary judgment motions to ensure discovery necessary for those motions is completed in advance of their filing.

**ALL MOTIONS** (including dispositive motions to motions in limine), must be heard no less than **5 days before Calendar Call**. Parties must plan and seek hearing time sufficiently in advance to ensure this deadline is met.

K. **Filing of Pre-Trial Stipulation.** It is the duty of counsel for the Plaintiff to see that the Pre-Trial Stipulation is drawn, executed by counsel for all parties, and filed with the Clerk no later than **20 DAYS PRIOR TO CALENDAR CALL**. Unilateral pretrial statements are disallowed, unless approved by the Court, after notice and hearing showing good cause. Counsel for all parties are charged with good faith cooperation in this regard. The Pre-Trial Stipulation must contain in separately numbered paragraphs:

  1. A list of all pending motions including Motions *In Limine* and *Daubert* Motions requiring action by the Court and the dates those motions are set for hearing. **Motions not listed are deemed waived.**

  2. Stipulated facts requiring no proof at trial which may be read to the trier of fact;

  3. A statement of all issues of fact for determination at trial;

  4. Lists of exhibits itemized as follows:

      a. Exhibits to be admitted by Plaintiff without objection;
      b. Exhibits to be admitted by Defendant without objection;
      c. Objected to Exhibits, with the specific basis for the objection stated.

      Note: Reasonably specific description of each exhibit is required. Non-specific descriptions like "all documents produced in discovery" will be stricken. Moreover, Objections may not be "reserved." Failure to specify an objection constitutes its waiver.

  5. Each party's numbered list of trial witnesses with addresses (including all known rebuttal witnesses); the list of witnesses must be on separate schedules attached to the Stipulation;

  6. A statement of total estimated time for trial, including the time needed per side for (1) jury selection, (2) opening arguments, (3) each case in chief, and (4) closing arguments.

  7. Names of attorneys to try case and their contact information; and

  8. The number of peremptory challenges per party.

Failure to file the Pre-Trial Stipulation or a Court Approved Unilateral Stipulation as provided above may result in the case being stricken from the Court's calendar or other sanctions, including dismissal or default.

L. **Pre-Trial Conference pursuant to Fla. R. Civ. P. 1.200** If a pre-trial conference is set upon motion of a party or by the Court, counsel must meet and prepare a

Case No. 50-2023-CA-014159-XXXA-MB

stipulation pursuant to paragraph K, infra, and file the stipulation no later than **5 DAYS BEFORE THE CONFERENCE**. Failure to request a pre-trial conference in a timely fashion constitutes a waiver of the notice of requirement of Rule 1.200. Absent prior approval, Motions for Summary Judgment will not be heard at any pre-trial conference.

M. **Pre-Marking Exhibits.** Prior to trial, each party is to mark for identification all exhibits, as directed by the clerk. (instructions and templates found at www.mypalmbeachclerk.com/departments/courts/evidence-guidelines/civil-evidence)

N. **Enlarged Jury Panels:** Local Rules require advance approval of the Chief Judge and Jury Office for jury panels exceeding 31 jurors. To ensure enough jurors are available, requests for enlarged jury panels must be resolved at least 6 months before calendar call.

O. **Jury Instructions and Verdict Form:** A joint set of proposed jury instructions and a proposed verdict form must be provided to the court no less than **3 days BEFORE TRIAL** in a printed form appropriate for submission to the jury and in Microsoft Word format.

If there is an objection to a proposed instruction, the instruction should be followed by the specific objection, a brief explanation, and a citation to legal authority. If an alternative or modified instruction is proposed, it should follow the instruction it is intended to replace.

P. **Unique Questions Of Law.** Prior to calendar call, counsel for the parties are directed to exchange and simultaneously submit to the Court appropriate memoranda with citations to legal authority in support of any unique legal questions that may reasonably be anticipated to arise during the trial.

IV. **MEDIATION**

A. All parties are required to participate in mediation as follows:

   1. The attendance of counsel who will try the case and representatives of each party with full authority to enter into a complete compromise and settlement is mandatory. If insurance is involved, an adjuster with authority up to the policy limits must attend.

   2. At least one week prior to a scheduled mediation conference, all parties are to file with the mediator a brief, written summary of the case containing a list of issues as to each party.

   3. All communications at the mediation conference are privileged consistent with Florida Statutes sections 44.102 and 90.408.

   4. The mediator has no power to compel or enforce a settlement agreement. If a settlement is reached, it is a responsibility of the attorneys or parties to reduce the agreement to writing and to comply with Florida Rule of Civil Procedure 1.730(b), unless waived.

B. The Plaintiff's attorney is responsible for scheduling mediation. The parties should

agree on a mediator. If they are unable to agree, any party may apply to the Court for appointment of a mediator in conformity with Rule 1.720 (j), Fla. R. Civ. P. The lead attorney or party must file and serve on all parties and the mediator a Notice of Mediation giving the time, place, and date of the mediation and the mediator's name.

C. **Completion of mediation prior to calendar call is a prerequisite to trial and must be completed no later than 10 DAYS PRIOR TO CALENDAR CALL.** If mediation is not conducted, or if a party fails to participate in mediation, the case, at the Court's discretion, may be stricken from the trial calendar, pleadings may be stricken, and other sanctions may be imposed.

D. Any party opposing mediation may proceed under Florida Rule of Civil Procedure 1.700(b).

**DONE AND ORDERED** in West Palm Beach, Palm Beach County, Florida.

50-2023-CA-014159-XXXA-MB   10/02/2023
Bradley G. Harper   Circuit Judge

50-2023-CA-014159-XXXA-MB   10/02/2023
Bradley G. Harper
Circuit Judge

A copy of this Order has been furnished to the Plaintiff. The Plaintiff shall serve this Order to the Defendant(s) in compliance with Administrative Order 3.110 (amended).

This notice is provided pursuant to Administrative Order No. 2.207

"**If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact William Hutchings, Jr., Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**"

"**Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda. Tenga la amabilidad de ponerse en contacto con William Hutchings, Jr., 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si**

Case No. 50-2023-CA-014159-XXXA-MB

el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte William Hutchings, Jr., kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

NOT A CERTIFIED COPY